STOKER, Judge.
The parties to this litigation attempted unsuccessfully to engage in a joint venture in business or operate as a partnership. This action in the trial court and this appeal is concerned with the claims of the parties, one against the other, arising out of their business relationship.
Plaintiff prevailed in the trial court on some, but not all, of her claims. The recon-ventional demands of defendant, Huey P. Long, were rejected. The trial court’s judgment was appealed by defendant and reeonvenor. Plaintiff, Mary Lou Hebert George, answered the appeal with respect to a portion of her demand which was denied.
The issues in this case are largely factual. However, a substantial issue raised by defendant-appellant is whether the trial judge properly admitted parol evidence insofar as it bore upon and explained written contracts entered into between the parties. Counsel for defendant-appellant consistent *1377 ly and timely objected to admission of the parol evidence. We think, however, that the trial court properly admitted the parol evidence.
Plaintiff, Mrs. Mary Lou Hebert George, who knew nothing of the truck hauling business, entered into an arrangement with defendant, Huey P. Long, who was engaged in that line of work. This arrangement was concluded on or about May 24, 1974. On May 18, 1974 defendant gave plaintiff a note of $5,000.00. Under the agreement plaintiff and defendant became associated in the truck hauling business. The agreement provided that plaintiff put up $5,000.00 in cash which she did. It was also agreed that if, within six months, plaintiff was not satisfied with the business she could require the return of her $5,000.00, and it was understood that the $5,000.00 note defendant gave plaintiff was security for this aspect of the agreement. A truck (or tractor) and a trailer were purchased. Both were acquired in the name of defendant, Huey P. Long (hereinafter referred to at times simply as “Long”). The truck was a 1974 White Western Star Truck. The trailer was later traded in on a 1974 Dorsey Float 40-Foot Trailer.
In late November or early December 1974 the business had not produced a profit and the parties began negotiating for the purpose of changing or terminating their business venture together. Negotiations culminated in two written contracts. These were entered into on January 10, 1975 and February 20, 1975. Without attempting to detail the complicated nature of the contracts or the events which led up to them, the net effect of the two contracts was the withdrawal of Long from the venture. Plaintiff, Mrs. George, acquired the ownership of the truck and trailer by the terms of the contracts. In turn she paid Long $1,750.00 in cash and gave Long a note for $1,750.00 and agreed to pay “rent” on the trailer at the rate of $180.00 per month until the note was paid. Although termed rent, the $180.00 payments were actually to cover the installment payments owed on the trailer which was still titled in the name of Long. A construction of the contracts indicates, without doubt, that Mrs. George assumed the payment of installment obligations owed on both the truck and the trailer.
The $1,750.00 note was due and payable within ninety days. Before maturity, Long sold the note at a discount to one Bobby D. Johnson. In the meanwhile Mrs. George had possession of the truck and trailer but Long retained the titles. After maturity of the note, both Johnson and Long began to make demands upon Mrs. George for payment of the note for $1,750.00. On June 3, 1975 Mrs. George was sued by Johnson on the note. On the same day Long took the Dorsey float trailer and turned it over to the holder of the note, which was secured by chattel mortgage. The taking of the trailer by Long was without the consent of Mrs. George.
Mrs. George as plaintiff filed her petition seeking certain relief, and, if not accorded that relief, she prayed for alternative relief. The petition sought a recognition that the contract of February 20, 1975 was null and a decree ordering that her note of $1,750.00 be returned to her. She pleaded in the alternative, if the note had been negotiated for a valuable consideration, that she have judgment against defendant for $1,750.00 plus the cost of the suit for collection by the present owner. Plaintiff also demanded $3,000 for embarrassment, mental anguish and aggravation of a pre-existing heart condition. In the further alternative, Mrs. George prayed that if the note had been negotiated and the court did not grant her judgment against defendant for $1,750.00, that she be declared sole owner of the Dorsey float trailer. Plaintiff also sought to recover the cost of leasing a trailer to replace the Dorsey float trailer from June 3, 1975 until it was returned.
After answering defendant reconvened. In the reconvention Long sought to have the sale of the Dorsey float trailer rescinded for non-payment of the purchase price *1378 and he also sought a money judgment for $1,280.00 representing tires which he alleged were taken from the Dorsey float trailer and placed on the truck.
Plaintiff answered the reconventional demand and amended and supplemented her petition. In the supplemental petition Mrs. George sought to require Long to pay the $5,000.00 note which she gave Long when they initially went into business together. The basis of this demand was that Long had not managed the business profitably and she was entitled to reclaim the $5,000.00 because she had a right to do so if she became dissatisfied with the partnership arrangement.
Plaintiffs supplemental pleading was answered by defendant and he then supplemented and amended his reconventional demand. In this pleading Long alleged that in the initial agreement between himself and Mrs. George it had been agreed that he was to receive $200.00 per week for his services in supervising the operation of the truck and trailer in the hauling business. Long alleged that he was entitled to $8,000.00 for these services. He further claimed $4,165.00 for advances by him to the business in equipment, materials, supplies and cash, subject to a credit of $2,565.00, for a balance he claimed to be owing of $1,600.00.
The foregoing recitation of facts is an abbreviated statement of the facts found in the record encompassing a trial of several days. The trial court made certain findings, all of which were in favor of the plaintiff. She was granted some of the relief she had demanded but not all. Huey P. Long was denied any recovery on his reconventional demand. Long has appealed from the trial court’s ruling and judgment, and the plaintiff answered the appeal to ask, in addition to the relief granted her by the trial court, that she have judgment against defendant on the $5,000.00 note together with the interest and attorney fees provided in the note.
The trial court gave written reasons for judgment. We quote as follows from these written reasons the findings and conclusions of the trial coiut:
FINDINGS OF COURT
(1) Full ownership of the White Western Star Truck was transferred to plaintiff by defendant.
(2) Full ownership of the Dorsey Trailer was likewise transferred to plaintiff by defendant.
(3) Defendant wrongfully seized the Dorsey Trailer from the ownership and possession of plaintiff on June 3, 1975.
(4) Plaintiff was and has been deprived of the use of the Dorsey Trailer from June 3, 1975, to the date of trial.
(5) Defendant has failed to prove the ownership of the tires allegedly taken by plaintiff and has likewise failed to prove the claims in his reconventional demands.
CONCLUSION OF COURT
It is concluded that plaintiff, Mary Lou Hebert George, has proved by a preponderance of the evidence the following:
(1) That she acquired full ownership of the White Western Star Truck on December 18, 1974, and that she has been in possession of same.
(2) That she acquired full ownership of the Dorsey Trailer on February 20, 1975, but she has been denied possession of same since June 3, 1975, when it was wrongfully taken from her without permission or cause by the defendant, Huey P. Long.
(3) That the value of the Dorsey Truck of which plaintiff was unlawfully deprived on June 3,1975, had a value at the time of trial of $4,500.00, and for which amount plaintiff should be reimbursed by defendant.
(4) That plaintiff has been deprived of the use of the Dorsey Trailer from June 3,1975, to the date of trial or a total of 50 weeks, and consequently had to rent a substitute trailer for a rent valued at $2,500.00, and damages in the amount of $1,000.00, for the embarrassment and mental anguish suffered as a result of *1379 defendant’s tortuous conversion of plaintiff’s Dorsey Trailer.
After a careful consideration of the voluminous record in this case, we find ourselves in agreement with the trial court with respect to the findings and conclusions set forth by it. While the reasons for judgment do not make reference to the claim of Mrs. George for payment of the $5,000.00 note, the evidence would sustain a denial of her claim for this portion of her demand. Mrs. George testified that she was not satisfied with the business arrangement and so informed Mr. Long within (but near the end) of the six month period. She also testified that she asked for return of her $5,000.00 as agreed. Nevertheless, the evidence is clear that she did not pursue this claim and did not assert it in her pleadings,, except as what appears to be somewhat of an afterthought, in her supplemental and amending pleading. Moreover, the $5,000.00 in question was not made the subject of the negotiations concerning the two written contracts confected on January 10, 1975 and February 20, 1975. Consequently, we conclude, as the trial court no doubt did, that Mrs. George did not timely manifest her demand for return of the $5,000.00. This demand on her part should be denied.
The essence of the defense of Huey P. Long with reference to the taking possession of the Dorsey float trailer on June 3, 1975 is as follows: Long claims that Mrs. George had not paid the $1,750.00 note; therefore, there was a failure of consideration, an unfilled resolutory condition, which dissolved the contract and he was still a part owner of the trailer. As such he was fully authorized to take possession and turn it over to the holder of the chattel mortgage note holder to whom he was still personally obligated. The fault in this reasoning is that Long had actually sold the note for valuable consideration. The holder of the note at the time Long took possession of the trailer was Bobby D. Johnson who was suing Mrs. George on the note. Insofar as Long was concerned, he had received the balance of his consideration for the trailer through sale of the note. Receipt of the proceeds of the sale of the note to Bobby D. Johnson by Long put an end to any rights under the contracts he had with Mrs. George. If he had any rights by virtue of being bound to the chattel mortgage note holder, such rights did not authorize him to take possession of the trailer.
The numerous other factual issues in the case were passed on by the trial judge. While each of these issues may not have been discussed in his reasons for judgment, his ultimate findings and conclusions, are necessarily based upon making findings as the trial court would necessarily have made, we affirm the judgment of the trial court. The costs of this appeal are assessed to defendant and reconvenor-appellant.
AFFIRMED.